366 West 30th Street, L.L.C., Petitioner-Landlord-Appellant, 
against
Jose Avila a/k/a Josef Avila, Respondent-Tenant-Respondent, -and- Marilu Avila, Respondent-Undertenant-Respondent, -and- "John Doe" and "Jane Doe," Respondents-Undertenants.



Landlord, as limited by its briefs, appeals from so much of an order of the Civil Court of the City of New York, New York County (Jean T. Schneider, J.), dated January 27, 2017, which denied its motion for summary judgment or, alternatively, to compel further discovery in a nonprimary residence holdover summary proceeding.




Per Curiam.
Order (Jean T. Schneider, J.), dated January 27, 2017, modified to grant landlord's motion for summary judgment as against respondent-tenant Jose Avila only, to dismiss respondent-undertenant Marilu Avila's first and second affirmative defenses and to permit landlord to renew its application for additional discovery; as modified, order affirmed.
Landlord's motion for summary judgment of possession should have been granted as against respondent-tenant Jose Avila, given tenant's admitted vacatur of the subject rent stabilized hotel accommodation, Room 14 at 366 West 30th Street. 
However, summary judgment was properly denied as against respondent-undertenant. Given the allegations in landlord's petition, that the "apartment is subject to the Rent Stabilization Law of 1969 [] in that the apartment is located in a Single Room Occupancy Hotel," any failure of undertenant's counsel to specifically assert in her responsive pleading a claim to possession as a "permanent tenant" under Rent Stabilization Code [9NYCRR] § 2520.6(j) did not preclude undertenant from raising the issue (see Einhorn v McCloud, 57 Misc 3d 139[A], 2017 [*2]NY Slip Op 51323[U][App Term, 1st Dept 2017]). A triable issue exists as to whether "Rooms 14 and 15 are occupied as a single unit" and whether undertenant herein, the tenant of Room 15, was the "sole remaining tenant" of that combined unit. Contrary to respondents' claim, landlord is not collaterally estopped from challenging whether these rooms constituted a combined residence, since that issue was not actually litigated and determined in the prior holdover proceeding between the parties (see Kaufman v Eli Lilly & Co., 65 NY2d 449, 456 [1985]). 
Undertenant's succession defense should have been stricken. Tenant vacated the premises in 1997 when he relocated to Baldwin, New York, but admittedly continued to pay rent "for a very long period after he moved out," slept in the premises several nights a week while he worked at a Manhattan hospital, and held himself out as the tenant in sworn statements and affidavits. Thus tenant cannot be deemed to have permanently vacated at any time prior to the 2013 commencement of this proceeding, and there being no showing that undertenant "resided with the tenant" in the premises (Rent Stabilization Code [9 NYCRR] § 2523.5[b][1]) during the requisite period immediately preceding the tenant's permanent vacatur, undertenant's succession claim must fail (see Third Lenox Terrace Assoc. v Edwards, 91 AD3d 532 [2012]). 
Our disposition is without prejudice to landlord renewing its request for discovery before the Civil Court. Civil Court incorrectly concluded that landlord waived its right to seek additional discovery. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: December 06, 2017